Steven R. Young, Atty. Bar #96258.
LAW OFFICES OF STEVEN R. YOUNG
Civil Justice Attorneys
95 Enterprise, Suite 340
Aliso Viejo, California 92626
Tele: (714) 673-6500
Fax: (714) 545-0355
Email: syoung@juryattorney.com

Attorneys for Plaintiff
Erika Mejia Marinelarena

Peter H. Klee, Cal. Bar No. 111707
Jordan S. Derringer, Cal. Bar No. 255992
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815

Attorneys for Defendant
ALLSTATE NORTHBROOK
INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MEJIA MARINELARENA, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE NORTHBROOK INDEMNITY COMPANY, an Illinois corporation,, <br><br> Defendant. | Case No. 8:20-cv-2230 DOC (JDEx) <br><br> District Judge David O. Carter <br> Magistrate Judge John D. Early <br><br> **JOINT SCHEDULING CONFERENCE STATEMENT** <br><br> DATE:   March 26, 2021 <br> TIME:    8:30 a.m. <br><br><br> Complaint Filed: November 24, 2020 |

1. **FACTUAL SUMMARY OF PLAINTIFF MARINELARENA'S CASE AND CLAIMS AND DEFENDANT ALLSTATE'S DEFENSES.**

**Plaintiff:**

Plaintiff Erika Marinelarena is an Allstate insured who suffered injuries in an automobile collision. Marinelarena suffered injuries that required surgery. She contends her damages exceeded $100,000.00. The Allstate policy she purchased had uninsured motorist policy limits of $100,000.00.

Despite this, and Marinelarena's demand for the policy limits, Allstate refused, requiring Marinelarena to go through a UIM arbitration where she was awarded policy limits. Marinelarena alleges Allstate's delay, and repeated low offers breached Allstate's duty of good faith and fair dealing that Allstate owed to Marinelarena.

Allstate defends asserting it did not act in bad faith, that its offers represent a difference of opinion, and that when the arbitrator made the award, Allstate paid the policy limits, plus $3,000.00 representing costs under a 998 offer.

**Defendant:**

Marinelarena claimed that her injuries from an accident with an uninsured driver required her to undergo back surgery and she demanded that her claim be resolved for the UIM limit. However, an independent board certified surgeon determined that her accident related injuries did not require surgery. Because of this dispute between the parties respective medical experts, the value of Marinelarena's claim needed to be decided by arbitration, the procedure that the California legislature has deemed to be the appropriate manner for deciding such disagreements. The arbitrator agreed with Marinelarena's position and awarded the policy limit which Allstate promptly paid, along with Marinelarena's expert costs. Because Allstate's position was supported both by objective evidence, as well as the

opinion of a highly qualified medical expert, it acted reasonably and is not liable for bad faith.

**2.     SYNOPSIS OF THE PRINCIPAL ISSUES.**

**Plaintiff:**

a. Was Allstate's offer to settle Marinelarena's claim for $8,129.00, that seven months later Allstate raised to later raised to $19,985.00, a violation of California's Unfair Claims Practices Action (Insurance Code § 790.03h);

b. Was Allstate's two year delay in paying Marinelarena's claim, after it became clear the medical bills alone exceeded the policy limits, a violation of California's Unfair Claims Practices Action (Insurance Code § 790.03h);

c. What damages did Allstate's violation of California's Unfair Claims Practices Action (Insurance Code § 790.03h) cause Marinelarena;

d. Did malice, fraud, oppression, or conscious disregard of Marinelarena's rights and safety motivate Allstate to violate California's Unfair Claims Practices Action (Insurance Code § 790.03h); and

e. What amount of punitive damages should the trier of fact award.

**Defendant:**

a. Whether Allstate acted reasonably in handling Marinelarena's claim?

b. Whether a genuine dispute over the reasonable value of Marinelarena's claim precludes her bad faith claim?

**3.     ADDITIONAL PARTIES OR AMENDMENTS TO THE PLEADINGS.**

The parties do not anticipate adding additional parties to this action.

**4. ISSUES SUBJECT TO DETERMINATION BY MOTION.**

**Plaintiff:**

Counsel have worked well on this and other cases they have against each other. The parties do not anticipate law and motions matters beyond discovery motions.

**Defendant:**

Allstate anticipates filing a motion for summary judgment.

**5. PREVIOUS SETTLEMENT DISCUSSIONS.**

**Plaintiff:**

The parties have not discussed settlement of this case. Plaintiff is willing to attend an early third party mediation.

**Defendant:**

Allstate is willing to participate in mediation.

**6. DISCOVERY PLAN INCLUDING PHASES, ORDER OF DISCOVERY, AND ANY LIMITATIONS.**

Phase 1    Rule 26 Initial disclosures and exchanges of information;

Phase 2    Written discovery

Phase 3    percipient witness depositions

Phase 4    Expert report exchanges

Phase 5    Expert depositions

**7. TRIAL**

**Plaintiff:**

Plaintiff requests a jury for trial and estimates 10 court days.

**Defendant:**

Defendant needs 5 -7 days.

8. **OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE**

Plaintiff is unaware of any such issues.  Defendant is unaware of any such issues.

9. **PROPOSED DATES:**

    a.  Discovery Cut-off Date                      November 5, 2021
    b.  Final Motion Cut-off Date                   February 21, 2022
    c.  Final Pretrial Conference Date:            April 11, 2022
    d.  Trial Date:                                          July 19, 2022

Dated: February 22, 2021    LAW OFFICES OF STEVEN R. YOUNG

By      /s/ Steven R. Young
      STEVEN R. YOUNG, ESQ.

Attorneys for Plaintiff,
Erika Mejia Marinelarena

Dated: February 22, 2021    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ Jordan S. Derringer
      JORDAN S. DERRINGER

Attorneys for Defendant
Allstate Northbrook Indemnity Company

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Executed this 23rd day of February, 2021 at San Diego, California.

                                                */s/ Jordan S. Derringer*
                                                JORDAN S. DERRINGER