SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 11170
pklee@sheppardmullin.com
JORDAN S. DERRINGER, Cal. Bar No. 255992
jderringer@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815

Attorneys for Defendant
ALLSTATE NORTHBROOK INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MEJIA MARINELARENA,<br><br>          Plaintiff,<br><br>     v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY, an Illinois corporation,,<br><br>          Defendant. | Case No. 8:20-cv-2230 DOC (JDEx)<br><br>District Judge David O. Carter<br>Magistrate Judge John D. Early<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE: PAUL KALOOSTIAN, MD'S FAILURE TO APPEAR FOR DEPOSITION SUBPOENA, OR IN THE ALTERNATIVE TO EXTEND DISCOVERY CUT-OFF TO DEPOSE DR. PAUL KALOOSTIAN**<br><br>Date:         December 9, 2021<br>Time:        8:30 a.m.<br>Courtroom: 9D<br><br>Complaint Filed: November 24, 2020 |

I.    **INTRODUCTION**

This bad faith lawsuit arises from Allstate's alleged unreasonable handling of the plaintiff, Erika Mejia Marinelarena's, uninsured motorist claim.  The plaintiff claims that Dr. Paul Kaloostian, the neurosurgeon who performed her March 2018 independent medical examination, conducted a cursory examination and rendered

unreasonable conclusions.  Because Allstate relied on Dr. Kaloostian's opinions in handling her uninsured motorist claim, she claims that Allstate committed bad faith.

Despite: (1) knowing of Dr. Kaloostian's identity since at least the inception of the litigation and (2) knowing (from the Court's March 2021 scheduling order) that the last day to commence a deposition was October 29, 2021, the plaintiff waited until the day before Dr. Kaloostian's deposition was scheduled to serve him with a subpoena. After Dr. Kaloostian advised the plaintiff that he was unavailable until December 2021, the plaintiff filed this motion seeking to hold Dr. Kaloostian in contempt for failing to appear at his deposition.

The plaintiff's motion should be denied for at least six separate reasons:

- The plaintiff has not shown that Dr. Kaloostian was served with this motion; therefore, she violated his right to due process;
- One days' notice is not reasonable notice; there is no evidence to show that Allstate or Dr. Kaloostian were ever provided with sufficient information for them to attend the deposition;
- The plaintiff has not and cannot show that she served a valid subpoena;
- The plaintiff has not shown that Dr. Kaloostian did not comply with the subpoena – a certificate of non-appearance was not taken;
- Dr. Kaloostian provided a reasonable explanation for his inability to comply – unavailability; and
- The plaintiff had 9 months, but chose to wait until the eve of the discovery cut-off before she attempted to subpoena Dr. Kaloostian for a deposition; she should not be rewarded for her delay.

For any one or all of these reasons, the plaintiff's motion should be denied.

## II.   FACTS

The plaintiff filed this lawsuit on November 24, 2020.  (Dkt. No. 1.)  In her complaint, she alleged that the neurosurgeon that Allstate hired to evaluate her

condition – Dr. Kaloostian – acted unreasonably. She bases Allstate's bad faith liability on its reliance on Dr. Kaloostian's opinions. (Complaint, Dkt. No. 1.)

In February 2021, the parties met and conferred pursuant to Fed. R. Civ. P. 26(f). (Declaration of Jordan S. Derringer ("Derringer Decl."), ¶2.) On March 30, 2021, the Court issued a scheduling order. (Dkt. No. 18.) Per the scheduling order, the last day to commence depositions was October 29, 2021 – 5 working days prior to the November 5, 2021 discovery cut-off. (Dkt No. 18, p. 2.)

By the plaintiff's own admission, she waited until October 8, 2021 – just 21 days prior to the last day to conduct depositions – before she attempted to contact Dr. Kaloostian. (Declaration of Marin Jerisat ("Jerisat Decl."), ¶ 2, Ex. A.) On October 20, 2021, the plaintiff was advised that Dr. Kaloostian was only available on October 25, 2021 and November 30, 2021. (Jerisat Decl., Ex. B.) The plaintiff did not serve a subpoena for deposition on October 25, 2021. Instead, she unilaterally scheduled his deposition for October 29, 2021 at 5:30 pm. On October 28, 2021, Dr. Kaloostian was served with a subpoena to appear for deposition the next day, Friday, October 29, at 5:30 pm. (Jerisat Decl., Ex. E.)[1]

The plaintiff never provided Allstate with proof that the subpoena was served or a Zoom link to attend the deposition. (Derringer Decl., ¶3.) Because the plaintiff unilaterally scheduled the deposition for a Friday evening at 5:30 pm, Allstate's counsel was not available. (Derringer Decl., ¶4.) Not wanting to impede the plaintiff's ability to conduct discovery, Allstate agreed that it would not object if the plaintiff conducted Dr. Kaloostian's deposition before the November 5, 2021 discovery cut-off. (Derringer Decl., ¶4.)

On November 4, 2021, the plaintiff served Dr. Kaloostian with a deposition subpoena for the next day. (Jerisat Decl., Ex. G.) This time, Dr. Kaloostian was

---

[1] The subpoena was defective on its face. It did not provide Dr. Kaloostian with any way to comply; no Zoom link or physical location were provided. (Jerisat Decl., Exhibit "E".)

served less than 24 hours before his deposition was scheduled to start. (Jerisat Decl., Ex. G.) The subpoena did not include a definitive way to attend. (Jerisat Decl., Ex. G.) Dr. Kaloostian was told only that a Zoom link would be forwarded. (Jerisat Decl., Ex. G.) The plaintiff hasn't shown that a Zoom link was ever sent to Dr. Kaloostian. The plaintiff never sent a Zoom link to Allstate. (Derringer Decl., ¶5.)

On November 10, 2021, the plaintiff filed this motion. Even though the motion seeks to hold Dr. Kaloostian in contempt of court, the plaintiff hasn't provided proof that Dr. Kaloostian was served with the motion. (Derringer Decl., ¶7.) The plaintiff also has not provided evidence to show that Dr. Kaloostian did not appear for his deposition. (Derringer Decl., ¶6.)

## III.    ARGUMENT

### A.    The plaintiff violated Dr. Kaloostian's Constitutional Rights.

"Fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *Fuentes v. Shevin,* 407 U.S. 67, 81, 92 S.Ct. 1983, 32 L.Ed. 2d 556 (1972). The fundamental notion of fairness is why the United States Supreme Court has held that an alleged contemnor must be provided with notice and an opportunity to be heard. *See Int'l Union v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed. 2d 642 (1994) ("civil contempt sanctions, or those penalties designed to compel future compliance with a court order … may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard."); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003) ("Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions. [internal citations omitted.] The denial of this opportunity renders a court's ensuing judgment void.")

Because the plaintiff never served Dr. Kaloostian with this motion, she deprived him of the right to notice and the opportunity to be heard. Therefore, Dr.

Kaloostian's due process rights have been violation. For this reason, the plaintiff's motion should be denied.

### B. The plaintiff did not provide reasonable notice.

This Court has held that, when it comes to a deposition subpoena, ten *business* days' notice is generally considered the *minimum* standard of reasonableness. *See Bresk v. Unimerica Ins. Co.*, 2017 U.S. Dist. LEXIS 225217 at *20 (C.D. Cal. November 1, 2017 (Segal, J.). Therefore, it should come as no surprise that this Court has also held that only one days' notice is unreasonable. *See La Printex Indus. v. VF Corp.*, 2014 U.S. Dist. LEXIS 196168 at *6 (C.D. Cal. January 14, 2014) (Segal, J.) (holding one day's notice for a deposition subpoena is not reasonable.)

On November 3, 2021, the plaintiff served Allstate with notice that it was going to serve a subpoena for Dr. Kaloostian's deposition on November 5, 2021. The plaintiff did not actually serve Dr. Kaloostian until November 4, 2021 – less than 24 hours before he was supposed to appear. Moreover, Allstate never received a Zoom link so that it could attend the deposition. Nor has the plaintiff shown that Dr. Kaloostian was provided with a Zoom link.

Simply put: not only did the plaintiff give insufficient notice of the deposition, there is no evidence to show that Allstate and Dr. Kaloostian were provided with sufficient information in order to attend. For these reasons, the plaintiff's motion should be denied.

### C. The plaintiff's subpoena is facially invalid.

Fed. R. Civ. P. 45 requires that "Every subpoena must: … (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify." *See also, Black v. Wrigley*, 2019 U.S. Dist. LEXIS at *13 (S.D. Cal. April 26, 2019) ( , J.) (subpoena that did not specifically identify a date and time was facially invalid and unenforceable.)

Just like in *Black,* the subpoena in this case is facially invalid. Neither the subpoena in *Black* nor in this case provided the witness with sufficient information so that it could comply. The subpoena that the plaintiff served states that a Zoom link will be provided to two people, neither of whom are the subpoenaed party. So even if Dr. Kaloostian were available to attend, it is not clear from the subpoena how he could. In fact, the plaintiff has not provided any evidence to show that a Zoom link was ever to sent to Dr. Kaloostian or anyone else. Indeed, the plaintiff never provided a Zoom link to Allstate, making its attendance impossible.

Because the subpoena was facially invalid, it is unenforceable. Therefore, the plaintiff's motion should be denied.

### D. The plaintiff has not shown that Dr. Kaloostian did not comply with the subpoena.

The plaintiff's motion puts the cart before the horse. She complains that Dr. Kaloostian did not comply with the subpoena; however, she hasn't shown that he didn't. At most, the plaintiff alleged that Dr. Kaloostian said that he would not appear for the deposition. But the plaintiff did not show that: (1) Dr. Kaloostian was provided with a Zoom link so that he could attend, (2) that the plaintiff appeared for the deposition, (3) Dr. Kaloostian didn't, and/or (4) that the plaintiff went on the record and documented Dr. Kaloostian's failure to appear. So before the plaintiff can have Dr. Kaloostian held in contempt, she must first demonstrate that he didn't comply. She hasn't made that showing. For these reasons, the plaintiff's motion should be denied.

### E. Even the plaintiff admits that Dr. Kaloostian had an adequate excuse; therefore, he should not be held in contempt.

Fed. R. Civ. P. 45(g) permits the Court to "hold in contempt, a person who, having been served, fails without adequate excuse to obey the subpoena." Yet. the plaintiff concedes that Dr. Kaloostian had an adequate excuse for not obeying the subpoena – he was not available to be deposed on November 5, 2021. In fact, in

plaintiff's counsel's declaration, he acknowledged that Dr. Kaloostian told him that he was not available.

What's more, plaintiff's counsel knew that Dr. Kaloostian's only available dates were October 25, 2021 and November 30, 2021. (Jerisat Decl., Exhibit B at p. 2.) Despite this knowledge, the plaintiff never attempted to subpoena Dr. Kaloostian for October 25, 2021. Worse yet, she twice unilaterally scheduled Dr. Kaloostian's deposition for dates on which she knew he was not available.

The plaintiff should not be allowed to schedule depositions for dates when she knew the witness was unavailable and then complain that he did not show up. Because Dr. Kaloostian had an adequate excuse, the motion should be denied.

### F. The plaintiff should not be rewarded for her lack of diligence.

Before the plaintiff filed this lawsuit on November 4, 2020, she had to know why Dr. Kaloostian's testimony was important. After all, she based Allstate's liability on its reliance on his opinion. And by March 30, 2021, the plaintiff knew that if she wanted to depose Dr. Kaloostian, she had to do so before October 29, 2021. Despite having more than ten months to notice his deposition,[2] the plaintiff waited until 21 days before the last day to commence his deposition before she even contacted him. Then, the plaintiff waited until November 4, 2021 to serve him with a subpoena to take his deposition on November 5, 2021.

Fed. R. Civ. P. 16(b)(4) provides that modifications to a scheduling order can be made only upon a showing of good cause. And in order to show good cause, the plaintiff must demonstrate that she has been diligent. (*Brandon v. L.A. County*, 2012 U.S. Dist. LEXIS 196312 at *5-7 (C.D.Cal. August 14, 2012) (Gutierrez, J.), citing, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992

---

[2] Pursuant to Fed. R. Civ. P. 26(d)(1), the plaintiff could have sought discovery after the parties' February 2021 Rule 26(f) conference.

(holding that waiting until the last day to file motions to try and extend the discovery cut-off was not diligent.)

The plaintiff has not explained how she acted diligently to pursue Dr. Kaloostian's deposition. This makes sense because she can't. The plaintiff could have noticed Dr. Kaloostian's deposition for any date after the parties February 2021, Rule 26(f) conference. But she didn't. She waited more than 10 months – until the day before the discovery cut-off – to serve him with a subpoena.

While the plaintiff complains that Allstate would not agree to extend the discovery cut-off, she neglects to mention that Allstate agreed that it would not object to Dr. Kaloostian's deposition if she conducted it after the last day to commence depositions, but before the discovery cut-off. She also neglects to mention that Allstate did nothing to impair her rights to conduct discovery. To the contrary, Allstate gave the plaintiff every opportunity to obtain the necessary discovery within the discovery period. But it is not up to Allstate to save the plaintiff from herself. And it is not obligated to agree to extend the discovery cut-off when doing so is to its detriment.

Because the plaintiff has not and cannot show that she diligently pursued discovery, she should not be rewarded with additional time to depose Dr. Kaloostian. Therefore, her motion should be denied.

**IV. CONCLUSION**

For any one or all of the foregoing reasons, the plaintiff's motion seeking to hold Dr. Kaloostian in contempt should be denied. The alternative relief that the plaintiff seeks should also be denied because she has not and cannot show that she acted diligently; she should not be rewarded for her lack of diligence.

Dated: November 16, 2021    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By   /s/ Jordan S. Derringer
     JORDAN S. DERRINGER

Attorneys for Defendant
ALLSTATE NORTHBROOK INDEMNITY COMPANY