SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 11170
pklee@sheppardmullin.com
JORDAN S. DERRINGER, Cal. Bar No. 255992
jderringer@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815

Attorneys for Defendant
ALLSTATE NORTHBROOK INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MEJIA MARINELARENA, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE NORTHBROOK INDEMNITY COMPANY, an Illinois corporation,, <br><br> Defendant. | Case No. 8:20-cv-2230 DOC (JDEx) <br><br> District Judge David O. Carter <br> Magistrate Judge John D. Early <br><br> **DECLARATION OF JORDAN S. DERRINGER IN SUPPORT OF ALLSTATE'S OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE: PAUL KALOOSTIAN, MD'S FAILURE TO APPEAR FOR DEPOSITION SUBPOENA, OR IN THE ALTERNATIVE TO EXTEND DISCOVERY CUT-OFF TO DEPOSE DR. PAUL KALOOSTIAN** <br><br> Date:        December 9, 2021 <br> Time:        8:30 a.m. <br> Courtroom: 9D <br><br> Complaint Filed: November 24, 2020 |

SMRH:4857-0715-1107.1

Case No. 8:20-cv-2230 DOC (JDEx)
DECLARATION OF JORDAN S. DERRINGER ISO OPPOSITION TO PLAINTIFF'S MOTION FOR OSC RE: SANCTIONS

I, Jordan S. Derringer, declare as follows:

1. I am an attorney with Sheppard Mullin Richter & Hampton LLP, counsel of record for defendant Allstate Northbrook Indemnity Company ("Allstate"). I have personal knowledge of the matters stated in herein.

2. In February 2021, the parties met and conferred pursuant to R.26(f).

3. On October 26, 2021, the plaintiff provided notice to Allstate that she intended to serve a deposition subpoena on Dr. Kaloostian. The subpoena noticed Dr. Kaloostian's deposition for October 29, 2021 at 5:30 pm. Allstate was not provided with proof that Dr. Kaloostian was served until after October 29, 2021. The plaintiff never provided Allstate with a Zoom link so that it could attend the deposition.

4. On October 28, 2021, I told plaintiff's counsel that I was not available to attend the scheduled deposition of Dr. Kaloostian on October 29, 2021 at 5:30. Therefore, in order to avoid impairing the plaintiff's rights and to accommodate any delay caused by my unavailability, I agreed that I would not object if the plaintiff deposed Dr. Kaloostian after the last day to commence depositions, but before the discovery cut-off.

5. On November 3, 2021, the plaintiff provided notice to Allstate that she intended to serve a deposition subpoena on Dr. Kaloostian. The subpoena noticed Dr. Kaloostian's deposition for November 5, 2021 at 1:30 pm. Allstate was not provided with proof that Dr. Kaloostian was served until after November 5, 2021. The plaintiff never provided Allstate with a Zoom link so that it could attend the deposition.

6. The plaintiff never advised Allstate that it appeared on the record to conduct Dr. Kaloostian's deposition on November 5, 2021 at 1:30 and that Dr. Kaloostian did not appear.

7. The plaintiff never provided Allstate with proof that it served this motion on Dr. Kaloostian.

1 | I declare under penalty of perjury under the laws of the United States that the
2 | foregoing is true and correct.
3
4 | Executed: November 16, 2021, at San Diego, CA.

_____