UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02230-DOC-JDE | Date | November 16, 2021 |
|---|---|---|---|
| Title | Erika Mejia Marinelarena v. Allstate Northbrook Indemnity Co. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| n/a | n/a |

Proceedings:  (In Chambers): Order Denying Application for Order to Show Cause re Contempt [Dkt. 22]

## I.
## INTRODUCTION

On November 24, 2020, Erika Mejia Marinelarena ("Plaintiff") filed a civil complaint against Allstate Northbrook Indemnity Company ("Defendant") alleging breach of the covenant of good faith and fair dealing. Dkt. 1 ("Complaint"). Defendant answered the Complaint on January 15, 2021. Dkt. 11.

On February 23, 2021, the parties jointly proposed a discovery cutoff date of November 5, 2021. Dkt. 15. On March 30, 2021, the Honorable David O. Carter, United States District Judge, issued a Scheduling Order under Rule 26(f) of the Federal Rules of Civil Procedure ("Rules" or singularly, "Rule") adopting the parties' proposed discovery cutoff date of November 5, 2021. Dkt. 18 ("Scheduling Order"). The Scheduling Order directs that "[a]ll depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut-off date. A deposition which commences five (5) days prior to the discovery cut-off date may continue beyond the cut-off date, as necessary." Id.

On November 10, 2021, Plaintiff filed an Application for an Order to Show Cause re Contempt directed to a non-party regarding alleged lack of compliance with a deposition subpoena. Dkt. 22 ("Contempt Motion"). Specifically, Plaintiff seeks "an order to show cause re contempt for noncompliance with a subpoena against Dr. Paul Kaloostian, M.D., a nonparty to this action" or, in the alternative, an order "extending the Discovery Cut-off to allow Plaintiff the opportunity to depose Dr. Paul Kaloostian." Notice of Motion at 2; Motion at 3. On November 16, 2021, Defendant filed an Opposition to the Contempt Motion (Dkt. 31) with a supporting declaration (Dkt. 31-1).

On the same day Plaintiff filed the Contempt Motion, Plaintiff also filed a Motion to Extend the Discovery Cut-off Date directed to Judge Carter. Dkt. 25. On November 16, 2021, Judge Carter, after finding Plaintiff did not act with diligence in serving the third

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02230-DOC-JDE | Date | November 16, 2021 |
|---|---|---|---|
| Title | Erika Mejia Marinelarena v. Allstate Northbrook Indemnity Co. | | |

party subpoena at issue in the Contempt Motion, nonetheless granted a "30-day extension to allow the deposition to be taken . . . ." Dkt. 30 ("Extension Order").

The Court finds the Contempt Motion may properly be decided without further briefing or argument. For the reasons set forth below, the Contempt Motion (Dkt. 22) is DENIED.

## II.
## RELEVANT LAW

Under Rule 45, a party may serve a subpoena commanding a nonparty to attend and give testimony "at a specified time and place" and to produce documents. See Rule 45(a).

Rule 45(d) directs that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a parson subject to the subpoena," and the Court "must enforce this duty." Rule 45(d)(1). See also Khan v. Rogers, 2018 WL 5849010, at *4 (N.D. Cal. Nov. 6, 2018) (noting "non-parties should not be burdened in discovery to the same extent as the litigants themselves") (citation omitted); Wi-Lan Inc. v. Research in Motion Corp., 2010 WL 2998850, at *3 (S.D. Cal. July 28, 2010) (stating "[w]here discovery is sought from a non-party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of the production on the nonparty").

Rule 45(b)(1) provides that service of a subpoena "requires delivering a copy to the named person . . . ." While the Ninth Circuit has not determined whether Rule 45 requires personal service, In re Subpoena to VaughnPerling, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019), most courts interpret Rule 45(b) to require personal service of the subpoena. See Fujikura Ltd. v. Finisar Corp., 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases where Rule 45(b) is understood to require personal service of the subpoena); see also In re Subpoena to VaughnPerling, 2019 WL 8012372, at *3; Morgutia-Johnson v. City of Fresno, 2015 WL 1021123, at *1 (E.D. Cal. Mar. 9, 2015); Bond v. Arrowhead Reg'l Med. Ctr., 2014 WL 12853149, at *3 (C.D. Cal. Apr. 9, 2014).

Under Rule 30(b), parties are entitled to "reasonable written notice" of depositions. Rule 30(b)(1). What constitutes reasonable notice depends on the circumstances of each case. See Hart v. United States, 772 F.2d 285, 286 (6th Cir. 1989). Fewer than eight days' notice generally has been found unreasonable. See Gulf Production Co., Inc. v. Hoover Oilfield Supply, Inc., 2011 WL 891027, at *3 (E.D. La. Mar. 11, 2011) ("courts have ruled that a week or less is not sufficient notice pursuant to the rules"); see also Tyler v. City of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02230-DOC-JDE | Date | November 16, 2021 |
|---|---|---|---|
| Title | Erika Mejia Marinelarena v. Allstate Northbrook Indemnity Co. | | |

San Diego, 2015 WL 1956434, at *2 (S.D. Cal. Apr. 29, 2015) ("[s]even days is insufficient notice" for a municipal defendant to adequately prepare for a Rule 30(b)(6) deposition); Sullivan v. Dollar Tree Stores, Inc., 2008 WL 706698, at *1-2 (E.D. Wash. Mar. 14, 2008) (four days' notice for a Rule 30(b)(6) deposition not reasonable"). However, periods of fourteen days, ten days and eight days have been found reasonable. See, e.g., Paige v. Commissioner, 248 F.R.D. 272, 275 (C.D. Cal. 2008) (fourteen days' notice was reasonable); Charm Floral v. Wald Imports, Ltd., 2012 WL 424581, at * 3 (W.D. Wash. Feb. 9, 2012) (eight days' notice was reasonable); Jones v. United States, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (same); see also In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327 (N.D. Ill. 2005) ("ten business days' notice would seem to be reasonable"); but see Kilby v. CVS Pharmacy, Inc., 2017 WL 1682695, at * 1 (S.D. Cal. Apr. 26, 2017) (ten calendar days' notice not reasonable for a fourth Rule 30(b)(6) deposition).

Under Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Civil contempt is intended "to coerce [a party] into compliance with the court's order" or "to compensate the complainant for losses sustained" from the noncompliance. Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016) (quoting United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947)). "The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders." Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983). Where "a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion." Morgutia-Johnson, 2015 WL 1021123, at *2 (citing SEC v. Hyatt, 621 F.3d 687, 696-97 (7th Cir. 2010)); see also Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1342 (8th Cir. 1975)). "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . . . Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command." Rule 45 advisory committee's notes to 2013 Amendment; see also Hyatt, 621 F.3d at 694-95.

To establish civil contempt, the moving party must show by clear and convincing evidence that the contemnor has violated a clear and specific court order. When the moving party has met this initial requirement, the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible. See F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999); see also Molina v. City of Visalia, 2015 WL 5193584, at *2 (E.D. Cal. Sept. 4, 2015) (stating same standard (quoting Forsythe v. Brown, 281 F.R.D. 577, 587 (D. Nev. 2012), report and recommendation adopted and accepted by 2012 WL 1833393 (D. Nev. May 18, 2012))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02230-DOC-JDE | Date | November 16, 2021 |
|---|---|---|---|
| Title | Erika Mejia Marinelarena v. Allstate Northbrook Indemnity Co. | | |

Separately, Rule 16(b) directs district courts to enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Rule 16(b)(3)(A). Once issued, a scheduling order may be modified only upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); see also Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing same). As the Ninth Circuit has explained,

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." [Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)]. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation . . ..

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); see also L.H. v. Schwarzenegger, 2008 WL 268983, at *6 (E.D. Cal. Jan. 29, 2008) ("Rule 16 and the court's scheduling order are not optional directives; the court is bound by them."); Tessera, Inc. v. Sony Corp., 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court. Just like any other order, the court expects compliance.").

### III.
### DISCUSSION

As noted, by the Contempt Motion Plaintiff seeks, in the alternative, either an order to show cause re: contempt against Dr. Kaloostian for disobeying a deposition subpoena or an order continuing the discovery cut-off date to permit a deposition of Dr. Kaloostian.

As to the request for an order to show cause re: contempt, the Court finds Plaintiff has not met her initial burden to show that Dr. Kaloostian knowingly failed to comply with a subpoena or other court order. Plaintiff asserts Dr. Kaloostian was first personally served with a deposition subpoena at 3:58 p.m. on October 28, 2021, directing him to appear the next day, on October 29, 2021, at 5:30 p.m., at a place described as "N/A" with a notion that the deposition would be recorded "Via Video Remotely." Dkt. 22-7 at 2-3 (CM/ECF pagination) ("First Subpoena"). The First Subpoena also had a box checked demanding production of documents, but no documents were described. Id. The parties apparently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02230-DOC-JDE | Date | November 16, 2021 |
|---|---|---|---|
| Title | Erika Mejia Marinelarena v. Allstate Northbrook Indemnity Co. | | |

agreed to take the deposition set in the First Subpoena off calendar before it was due to proceed. See Dkt. 22-2, ¶ 7. Thereafter, at 4:04 p.m. on November 4, 2021, Dr. Kaloostian was served with a second subpoena demanding that he appear the next day, on November 5, 2021, at 1:30 p.m., at a "Zoom link which will be provided to you." Dkt. 22-9 at 2-3 (CM/ECF pagination) ("Second Subpoena"). The box for production of documents was not checked in the Second Subpoena, but the subpoena nonetheless listed documents to be produced at the deposition: "Your complete file in regards to Erika Marinelarena[/]All communications with Examworks[/]All communications with Allstate." Id.

To the extent Plaintiff argues that Dr. Kaloostian should be required to show cause re: contempt with respect to the First Subpoena, the request is denied for several reasons. First, the First Subpoena is defective in that it does not designate a place for the deposition. See Rule 45(a)(1)(A)(iii). Second, as a matter of logic, the Court cannot hold a person in contempt for failing to appear when the subpoena at issue does not specify a place to appear. Although remote depositions are permitted under the Rules, the First Subpoena does not direct Dr. Kaloostian to any particular manner to appear remotely. He could not violate a subpoena by failing to appear as directed when the subpoena did not direct him to appear anywhere. Third, Plaintiff's counsel attests that the parties agreed that the deposition noticed in the First Subpoena was taken "off calendar" to be rescheduled. Dr. Kaloostian's failure to appear for a vacated deposition cannot constitute a violation of the First Subpoena. Fourth, the notice for the First Subpoena, served at 5:30 p.m. the day before compliance was demanded, is facially unreasonable, particularly as it is directed to a non-party physician, a person whose existence and relevance has not been unknown to Plaintiff. As noted, this Court has obligation to ensure that nonparties are protected from undue burdens imposed by subpoenas issued under Rule 45. Even were Dr. Kaloostian a party to the action, one day's notice to appear for a deposition, after business hours, even by video, is unreasonable. For each of these reasons, the First Subpoena cannot form the basis of an order to show cause re contempt.

To the extent Plaintiff argues Dr. Kaloostian should be required to show cause re contempt with respect to the Second Subpoena, the request is also denied. First, as with the First Subpoena, the notice provided to Dr. Kaloostian between service of the Second Subpoena and appearance at the deposition, fewer than six business hours, is facially unreasonable and not an amount of notice upon which this Court will countenance further proceedings regarding contempt. See Rule 45(d)(1). The notice is even more unreasonable as to the Second Subpoena as it appears, albeit in an unclear manner, to demand production of documents within the same six business hour time frame. Second, the Second Subpoena was served in violation of Judge Carter's then-operative discovery cut-off Scheduling Order, which required depositions to be noticed to commence at least 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02230-DOC-JDE | Date | November 16, 2021 |
|---|---|---|---|
| Title | Erika Mejia Marinelarena v. Allstate Northbrook Indemnity Co. | | |

working days before the November 5, 2021 discovery cut-off date, that is, by October 29, 2021. Although the Scheduling Order authorized depositions that commenced by October 29, 2021 to continue thereafter, Dr. Kaloostian's deposition had not commenced by October 29, 2021, and thus could not commence thereafter under the then-operative Scheduling Order. As the Second Subpoena purported to set a date outside the date authorized to commence a deposition under the Scheduling Order in force at that time, this Court will not proceed with contempt proceedings regarding a subpoena that, at the time, was not authorized by Judge Carter's Scheduling Order.

For the foregoing reasons, to the extent Plaintiff seeks further proceedings regarding contempt at to Dr. Kaloostian, the request is denied.

As to Plaintiff's alternative request, an extension of the discovery cut-off to permit the deposition of Dr. Kaloostian, as Judge Carter has granted a 30-day extension to permit that deposition in the Extension Order, the request is now moot and therefore denied.

## IV.
## CONCLUSION AND ORDER

For the foregoing reasons, the Contempt Motion (Dkt. 22) is DENIED.